# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HARTWIG TRANSIT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RBS CITIZENS, N.A. d/b/a Charter One, as successor by merger with Charter One Bank, N.A., et al., <br><br> Defendants. | No. 10 C 7448 <br><br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed concurrent actions in state and federal courts. Plaintiffs' action in this court alleges that Defendants violated federal statutes when they attempted to defraud or mislead Plaintiffs in connection with certain complex financing transactions involving synthetic fixed rate financing. Defendants move to dismiss Plaintiffs' complaint, or in the alternative, to stay the proceedings pending the outcome of a parallel state court action. For the following reasons, Defendants' motion to stay is granted.

## I. STATEMENT OF RELEVANT FACTS

On May 8, 2008, Plaintiffs filed suit against Defendants alleging fraud under Illinois law in connection with a complex financial transaction agreement. The state court has since dismissed Plaintiffs' complaint twice. Currently pending in state court is Plaintiffs' fourth amended complaint.

This federal case centers on the same set of facts as the state court proceedings: alleged fraud in connection with an interest rate swap deal whereby the Bank agreed to make payments to

the Defendants based upon a floating rate obligation and the Defendants agreed to make payments to the Bank based upon a fixed rate obligation.

Defendants ask that I dismiss Plaintiffs' complaint, or in the alternative, stay the federal court proceedings until the pending state action is resolved. Because I am granting Defendants' motion for stay, I do not reach the merits of the motion to dismiss.

## II. DISCUSSION

Pursuant to the *Colorado River* Doctrine, "a federal court may stay or dismiss a suit when there is a concurrent state proceeding and the stay or dismissal would promote 'wise judicial administration.'" *AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). The general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," and "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. The doctrine of abstention may be justified only in exceptional circumstances. *Id.* at 813. Two questions must be answered when deciding whether to abstain under *Colorado River*.

First, a court must determine whether the state action is parallel to the federal action. *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004). "Suits are parallel if 'substantially the same parties are litigating substantially the same issues simultaneously in two fora.'" *AAR Int'l, Inc. v. Nimelias Enters.*, 250 F.3d 510, 518 (7th Cir. 2001) (quoting *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990). Abstention is only appropriate where "there is a

substantial likelihood that the [state-court] litigation will dispose of all claims presented in the federal case." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005).

Second, the Court must conduct a balancing test to determine whether "exceptional circumstances" exist to justify *Colorado River* abstention.

A. These Cases Are Parallel.

"Suits need not be identical to be parallel." *AAR*, 250 F.3d at 578. Proceedings are parallel "when substantially the same parties are contemporaneously litigating the same issue in another forum." *Tyrer v. City of S. Beloit*, 456 F.3d 744, 752 (7th Cir. 2006) (internal quotation marks omitted). Instead, the relevant question is whether there is a substantial likelihood that the state litigation will dispose of all the claims presented in the federal case. *Id.*

Here, the state and federal proceedings involve substantially the same parties – Hartwig Transit, North Star Trust and RBS Citizens National.[1] The issues being litigated are substantially the same as well. In state court, Plaintiffs seek relief under theories of constructive fraud, common law fraud, and fraud in the inducement. In federal court, the Plaintiffs assert claims under Section 4 of the Commodity Exchange Act, 7 U.S.C. §6b, and the Bank Holding Company Act, 7 U.S.C. § 6o, alleging that Defendants engaged in fraudulent and deceptive conduct in connection with certain fixed rate financing.

The elements of constructive fraud and common law fraud are almost identical requiring (1) a false representation of fact; (2) known or believed to be false by the person making it or that it was made with reckless disregard for the truth of it; (3) made with the intention to induce the

---

[1] Robert A. Schultz and Christopher Sawyer are named Defendants in the federal case, and 4 R Enterprises, Inc. is an additional Plaintiff in the state action.

other party to act; (4) the other party's reliance upon the misrepresentation; and (5) damages. *Chabraja v. Avis Rent A Car Systems, Inc.*, 549 N.E.2d 872, 874 (Ill. App. Ct. 1989). Unlike a claim for common law fraud, a claim for constructive fraud does not require proof of actual dishonesty or intent to deceive, though it does require a showing of a fiduciary duty to establish liability. *Prodomos v. Everen Securities, Inc.*, 793 N.E.2d 151, 158 (Ill. App. Ct. 2003).

A claim for relief under 7 U.S.C. § 6b is based on the principles of common law fraud where the relevant inquiry is whether a plaintiff actually relied upon the defendant's representations. *Indosuez Carr Futures, Inc. v. Commodity Futures Trading Commission*, 27 F.3d 1260, 1264-65 (7th Cir. 1994). The Plaintiffs do not specify whether their claim for relief under § 6o is made pursuant to § 6o(1)(A) or § 6o(1)(B), but is of no moment. The Seventh Circuit has held that relief under § 6o(1)(A) is substantially similar to common law fraud and fraud in the inducement. *Commodity Trend Service, Inc. v. Commodity Futures Trading Com'n*, 233 F.3d 981, 993 (7th Cir. 2000) ("Section 6 o(1)(A) and Regulation 4.41(a)(1) requires scienter and do no more than prohibit common law fraud in commodities transactions.") Likewise, claims of constructive fraud are substantially similar to those brought pursuant to § 6o (1)(B). Just as with claims of constructive fraud, scienter is not required for recovery under § 6o(1)(B), though there must be a showing of fraud and a fiduciary relationship. *First Nat. Monetary Corp. v. Weinberger*, 819 F.2d 1334, 1342 (6th Cir. 1987). Accordingly, all claims brought in this federal action are substantially similar to legal claims of fraud brought in the state action.

Moreover, the Plaintiffs seek the same relief in state and federal court. In this federal action, Plaintiffs seek: (1) rescission of the swaps and restitution of amounts paid by Plaintiffs to the Bank; (2) an award of money damages for all losses suffered and damages suffered as a result

4

of the acts complained; and (3) an award of costs including attorneys', accountants' and experts' fees. Similarly, in state court, the Plaintiffs seek: (1) injunctive relief barring the Bank from collecting the swaps; (2) an award for money damages in excess of $1,000,000.00; (3) punitive damages; and (4) an award of costs including attorneys', accountants' and experts' fees. Success in state court will produce the same relief, recovery of actual damages, that Plaintiffs seek in federal Court. Moreover, actual damages are the sole remedy for violations of the Commodity Exchange Act ("CEA").

### B. The *Colorado River* Factors

Having determined that the pending state and federal actions are parallel, I must now examine the ten non-exclusive factors identified by the Seventh Circuit. These ten factors are:

> (1) Whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal court's rights; (7) the relative progress of state and federal proceedings; (8) the presence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*AXA*, 347 F.3d at 278 (internal quotations omitted).

The first factor, whether the state has assumed jurisdiction, weights in favor of abstention because this case was first filed in state court, and is proceeding under the jurisdiction of the state court. Next, no arguments are made to show that the federal forum is inconvenient, so this factor weighs against abstention. The third factor addresses piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Day v. Union Mines, Inc.*, 862 F.2d 652, 659 (7th Cir. 1988). Here,

5

because the federal and state actions involve substantially similar parties and the same factual and legal issues, proceeding simultaneously would result in duplicative efforts. This factor weighs strongly in favor of abstention. The fourth factor weighs in favor of abstention because the case was filed first in state court. The fifth factor weighs against abstention because Plaintiffs here bring claims pursuant to federal statute. The sixth factor weighst in favor of abstention because the state court is certainly equipped to determine whether Defendants committed fraud in their dealings with Plaintiffs. The seventh factor likewise favors abstention because the state proceedings are nearly two years old, discovery has begun, and rulings have already been made regarding the merits of the pleadings. The eighth factor weighs against abstention because he federal court has exclusive jurisdiction over Plaintiffs' federal claims. The ninth factor weighs in favor of abstention. Plaintiffs could have brought both the federal and state court claims in federal court, but for reasons it did not articulate, chose to proceed first in state court, and then in federal court as well. Finally, without commenting on Plaintiffs' motives, I find that this factor weighs in favor of abstention. *See Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1289 (7th Cir. 1988) (where federal case filed months after state case, holding "[w]ithout presuming Interstate's motives, we see no reason why all claims and all parties could not have been, and still cannot be, part of one suit").

In sum, seven factors weigh in favor of abstention and provide the required "exceptional circumstances" necessary to abstain. The Seventh Circuit has held that *Colorado River* should be effectuated through a stay and not dismissal, and therefore a stay of this case is proper. *Selmon v. Portsmouth Drive Condo. Ass'n*, 89 F.3d 406, 409-10 (7th Cir. 1996). That course will be followed here.

C. Bad Faith

One final matter is Plaintiffs' suggestion that Defendants' motion for stay was taken in bad faith.  Plaintiffs contend that "Defendants have shown bad faith in bringing the present Motion to Stay after having flatly refused Plaintiffs' requests to consolidate all claims in a single federal forum."  Plaintiffs cite to a transcript of a June 8, 2010 hearing in the Eastern District of Wisconsin, where a foreclosure suit was pending between the parties.  At that time, Plaintiffs allegedly offered to consolidate all claims, including the federal swaps claim, in the Eastern District of Wisconsin.  Venue, however, was only proper in the Northern District of Illinois, and Defendants' attorney argued that Plaintiffs should refile their dismissed State Court claims, along with their federal claims, in the Northern District of Illinois.  On June 18, 2010, however, Plaintiffs re-filed their State Court fraud claims in Illinois State Court.  Based on the submissions to this Court, I do not find that Defendants' motion was taken in bad faith.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to stay is granted.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE:  August 18, 2011