## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HARTWIG TRANSIT, INC. et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10-7448 |
| v. | ) | |
| | ) | The Hon. John Z. Lee |
| RBS CITIZENS, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

### Plaintiff's Motion to Stay State Court Case

The Plaintiffs, Hartwig Transit, Inc. 4 R Enterprises, Inc., and North Star Trust Number 11-5454, by their attorneys, Bert Zaczek, Amy Pikarsky, and Nancy Lee Carlson, ask this Court to stay the state court proceeding that is currently pending and for which this case has been stayed. For their reasons, they state:

### Summary of Argument

In a related case pending in the Circuit Court of Cook County, the Plaintiffs here asked the Cook County court to stay the case. The ruling on the state court case involves the validity of the Swap loans which is specific issue involved in this case. The Plaintiffs contend in this case that the swap loans violated federal law and cannot be ruled upon in the state court case before this case here is resolved. The state court declined to stay his ruling stating that he believes that this Court can stay him if it chooses. That other case might have a judgment entered on October 26, 2012.

### Argument

1.  No pertinent activity has occurred in this case. After this Case was transferred from the Eastern District of Wisconsin, it was docketed here on July 10, 2010. Dkt. #17. Once

other procedural issues were addressed, it was stayed on August 18, 2011 due to a companion case in the Circuit Court of Cook County docketed as Hartwig et al v. RBS, 09 CH 16606 (the "Cook Count Case"). Dkt. 54.

2. The Complaint here alleges solely that the Defendant violated 7 U.S.C. § 6(b) and § 60 (the Commodities Exchange Act). Ex. 1 to Dkt. 17. The Complaint further alleges that this Court has exclusive jurisdiction to address the harm. The harm stems from certain Swap loans. The Cook County Case invokes only state law regarding the validity of the loans.

3. RBS has asked the judge in the Cook County Case to rule on the validity of the Swap loans at issue in this case. The Hartwig Plaintiffs responded that a ruling would have an impact on this case because the enforceability of the Swap loans depends on the claims pending before this Court. Exhibit 1. Further, considering that it was RBS that asked to stay this case (Dkt. 39), it would be unfair to allow RBS to obtain a ruling that ignores the issue of whether the Swaps violate federal law.

4. Nonetheless, the judge in the Cook County Case decided how much was owed on the Swap loans. That decision necessarily presumes that the Swap loans are enforceable.

5. However, that ruling is interlocutory. The judge is still addressing issues involving attorneys' fees (which could be ruled on as early as October 26, 2012). The Plaintiffs expect that the judge in the Cook County Case would reverse his position if, at the outcome of this case, the Plaintiffs prevailed.

6. The decision in the Cook County Case will arguably preclude this Court from ever deciding the issues raised in the Complaint here because there will be a prior state court decision that the Hartwig Plaintiffs owe the money sought by RBS on the Swaps. One logical

inference from that would be that the Hartwig Plaintiffs would be barred by issue preclusion from asking this Court to address their Complaint. Yet they never wanted this case stayed.

7. Meanwhile, the judge in the Cook County Case has expressly said that he believes this Court could stay him and the fact that it has not stayed him allows him to proceed.

8. Although there is a decided preference in the federal system to refrain from staying state court cases, 28 U.S.C. § 2283, a stay will be issued in appropriate situations. 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.")

9. The Plaintiffs will submit a memorandum in support of their position that this is such a position. But in short, there could be nothing left to decide in this case because a ruling in the Cook County Case that the Swap loans were enforceable would

**Wherefore**, the Plaintiffs, Hartwig Transit, Inc. 4 R Enterprises, Inc., and North Star Trust Number 11-5454, request that the Court stay the Cook County Case.

    Respectfully Submitted,

    Hartwig Transit, Inc. 4 R Enterprises,
    Inc., and North Star Trust Number 11-5454

    By:   /s/ Bert Zaczek
           One of its attorneys

Bert Zaczek                           Nancy Lee Carlson
Amy Pikarsky                       926 Braeburn Road
311 N. Aberdeen Suite 300B       Inverness, IL 60067
Chicago, IL 60607                T: 847-358-1775
T: 312 527-1090
Attorney No.: 6217079